JOHN H. NOLAN, *Atty. Gen. ex rel. vs.* WALTER S. PLACE.

MAY 29, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. This is a petition for mandamus directing the respondent, as town clerk of the town of Glocester, to certify to the secretary of state the names of certain candidates to be voted on at the forthcoming election to be held within and for the said town. The petition was brought by the attorney general on relation of Elva Rawson, whose name appears on said list as a candidate for the office of director of public welfare.

Citation was issued and the matter was heard by us on May 26, 1941 upon a statement of facts agreed to and filed by the parties in the case. The necessity for an immediate decision, in order to be effective, was urged upon

us and makes impossible any extensive treatment of all the reasons which have led us to our conclusion.

The parties in their statement have agreed, among other things: "(1) That a regular town election is to be held within and for the Town of Glocester on June 2, 1941. (2) That the Democratic Town Committee of the Town of Glocester failed to request a date for the holding of a Democratic caucus for the selection of candidates to be voted on at said election, and that no such date was requested by the Democratic State Committee or any duly selected subcommittee thereof. (3) That said Democratic Town Committee failed to advertise the holding of any caucus within and for said town for the selection of candidates to be voted on at said election, and that no such notice was advertised by the Democratic State Committee or any duly selected subcommittee thereof. (4) That said Democratic Town Committee failed to file any list of nominees to be voted upon at any Democratic caucus for the selection of candidates to be voted on at said election to be held within and for said town, and no such list was filed by the Democratic State Committee or any duly selected subcommittee thereof."

They further agreed: "(6) That no Democratic caucus was had or attempted to be had in said town for said election. (7) That said Democratic Town Committee attempted to file with the Town Clerk final nominations of candidates to be voted for at the said election, which said attempt was made on May 14, 1941, the final date prescribed by law for the filing of final nominations for said election, but the attempted nominations were properly rejected by the Town Clerk. (8) That within twenty-four (24) hours of the 'deadline' for filing of final nominations, to wit, at 1:24 P.M., Eastern Standard Time, on May 15, 1941, Dennis J. Roberts filed with the Town Clerk of said town a certain paper, purporting to nominate Democratic candidates to be voted upon at said election . . ., stating therewith: 'These nominations are made for the purpose of

filling any vacancies which may exist by reason of any cause whatsoever'." It also appeared by an accompanying resolution that Dennis J. Roberts was the chairman of the democratic state committee and the duly selected "sub-committee of one" of the executive committee thereof to make the filing of nominations in question.

The sole question at issue is whether the state committee of a political party or its executive committee, or any duly selected sub-committee of the executive committee acting under proper delegated authority, may, by virtue of general laws 1938, chapter 316, § 2, as amended, file a list of final nominations to be voted on at an election, when neither the town committee nor the state committee, acting itself or as aforesaid, had called, advertised, held, or had attempted to call, advertise, or hold, any caucus for the purpose of making such nominations.

The purpose of chap. 316, entitled "Caucus Nominations and the Holding of Caucuses in Cities and Towns", as shown by § 2 thereof, is to authorize the state committee of a political party to have general oversight of the matter of calling conventions or caucuses, as the case may be, for the purpose of making that party's nominations of candidates to be voted on at regular elections; and to make rules, not inconsistent with law, for the guidance and control of the several party town committees, and to act "in their stead", in case of the latter's failure "to make nominations, or to hold caucuses, or to fill vacancies." The subsequent sentences in § 2 apparently enumerate various powers of the state committee of a political party, or its duly authorized sub-committee as aforesaid, to act in certain stated contingencies, where that party's town committee has failed to exercise its prerogative under the law.

This statute was analyzed and interpreted in some detail by this court in *McLyman* v. *Molloy,* 53 R. I. 4, 8. In that case the court held, among other things, that the power of the state committee of a political party to itself make final nominations of candidates to be voted on in an elec-

tion was limited by the statute itself to filling vacancies caused by death or resignation of caucus or convention nominees. The court further pointed out that: "Had it been the intention to enlarge the scope of the authority of the state committees in this particular, we think the legislature would have either amended said section or made clear provision in the Caucus Act for such extended authority." It further defined "vacancies" to have been intended to cover only such vacancies as might occur in the nominations which had been duly made by caucus or convention and which vacancies had resulted from a given cause.

Notwithstanding this express construction of pertinent language of the caucus act then before the court, the legislature thereafter amended it; but not so as to confer authority on the state committee or its duly authorized sub-committee to file nominations to be voted upon at an election without any attempt to hold a caucus. It merely added a power for a state committee of a political party or its duly authorized sub-committee to file nominations when a caucus had been attempted but had been adjudged to be void, as had happened in the *Molloy* case, *supra*. It would thus appear that the legislature did not intend to enlarge the scope of the power of a political state committee or its duly authorized sub-committee so as to include authority for such committee as aforesaid to file final nominations of candidates under circumstances which would dispense with the necessity of ever calling or attempting to hold a caucus or convention.

The declared purpose of the statute, the interpretation placed upon its pertinent provisions by this court in *McLyman* v. *Molloy, supra,* coupled with the later amendment by the legislature which deliberately fails to provide precisely what the court pointed out should be provided, if such a result were intended, constrain us to hold in the instant case that the democratic state committee, or its duly authorized sub-committee, was not empowered to make these final nominations in the circumstances presented by

the agreed statement of facts. That committee, however, acting by itself or through its authorized sub-committee as aforesaid, had the right and power, in case of failure by the town committee to request a date for the caucus and to give notice thereof, to act in the latter's stead, and to itself request a date for the caucus and give notice thereof, provided such action was taken within twenty-four hours after the town committee's failure.

We are of the opinion that the state committee of a political party or its executive committee, or any duly selected sub-committee of said executive committee, acting under such delegated authority, may act in the place of a town committee upon the latter's failure or neglect to exercise one of its prerogatives under the caucus law, only to the extent of doing the particular thing which the town committee had failed or neglected to do; and that such action by the state committee, acting as aforesaid, must take place within twenty-four hours after the town committee's failure or neglect to do that thing.

In the instant case, the state committee, acting as aforesaid, had the right and power, within twenty-four hours after the town committee's failure to request and give notice of a date for a caucus, to act in place of the town committee, and to itself request and give notice of the date for such a caucus. Failing to so act and to attempt to hold a caucus for the purpose of making the nominations of candidates—thus entirely disregarding the purpose of the caucus act—the failure to act was not one of the town committee alone but became also the failure of the state committee itself.

Under all these circumstances, the petition is denied.

*Sidney L. Rabinowitz,* for petitioner.

*Harold A. Andrews, Frank F. Davis,* for respondent.